O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOAQUIN RAMIREZ,<br><br>            Plaintiff,<br><br>      vs.<br><br>DEAN FOODS COMPANY OF<br>CALIFORNIA, et al.<br><br>      Defendants. | Case No.: SACV 11-1292 DOC(ANx)<br><br><br>ORDER GRANTING DEFENDANT'S<br>SUMMARY JUDGMENT MOTION |

        Before the Court is a Motion for Summary Judgment filed by Defendant Alta Dena

Certified Dairy, LLC (Docket 15). After considering the moving, opposing, and replying papers,

as well as oral argument, where Plaintiff's counsel agreed with the tentative order granting

summary judgment in favor of Defendant, the Court GRANTS the Motion for Summary

Judgment.

### I.      Background

The following facts are undisputed, except where noted:

Plaintiff Joaquin Ramirez ("Plaintiff") had been warned on numerous occasions for accumulating excessive absences and failing to submit doctors' notes for those absences. Plaintiff's Response to Undisputed Statement of Facts ("Response to SOF"), ¶ 1. Cathy Ehlert ("Ehlert"), an administrative assistant, was responsible for the accuracy of the time cards of Defendant's employees, including Plaintiff. *Id.* at ¶ 3. Ehlert was on vacation during the week of February 22, 2009; when she returned, she had to review to time records from the previous week. *Id.* at ¶ 4. Because Ehlert noticed certain anomalies that deviated from Plaintiff's scheduled hours, she met with Plaintiff on March 1, 2009 to discuss the discrepancies. *Id.* at ¶ 5-6. Ehlert recalls printing a copy of Plaintiff's time records from the preceding week and asking him to give her the correct "in" and "out" punches, as well as the punches for meal periods. *Id.* at ¶ 9. While meeting with Plaintiff, Ehlert made certain corrections on Plaintiff's time sheet; the only relevant correction here is that she wrote that Plaintiff worked from 10:00 am to 1:51 a.m. on February 22, 2009. *Id.* at ¶ 10. According to Ehlert, she wrote that time down and then confirmed the change with Plaintiff. *Id.* at ¶ 15. According to Plaintiff, however, he did not tell Ehlert what time he worked on February 22, 2009 but rather told her that he had to go home and ask his wife what time he had worked that day. *Id.* at ¶ 10, 15.

Don Cook ("Cook"), Plaintiff's supervisor at the time, advised Stephanie Schlose ("Schlose"), then the HR Director overseeing that facility, that Plaintiff had actually arrived much later than 10:00 a.m. on February 22, 2009. *Id.* at ¶ 11. Schlose examined a videotape in which Plaintiff's car was seen arriving at work at 12:47 p.m., not 10:00 am, on February 22, 2009. *Id.* at ¶ 12. Schlose then met with Plaintiff and informed him that she was going to suspend his employment pending investigation into the matter. *Id.* at ¶ 13. Based on the evidence before her, Schlose believed that Plaintiff falsified his time card and, as such, decided to terminate him. *Id.* at ¶ 17.

On March 3, 2010, Plaintiff filed an administrative complaint with the California Department of Fair Employment of Housing ("DFEH"), which stated that Plaintiff "was

terminated from [his] position of Driver"; that "Stephanie Raasveld, Human Resources Manager, told [him] it was because of discrepancies on [his] time card"; and that he "believe[d] that [he] was suspended and terminated because of [his] disability (Irritable Bowel Syndrome) and because [he] had taken leave under the California Family Rights Act." *Id.* at ¶ 19.

Plaintiff also sets forth the following additional facts:

Plaintiff alleges that, in 2006, Distribution Manager Lee Miller ("Miller") called him and Plaintiff's wife to "demand" proof of Plaintiff's surgery. *Id.* at ¶ 41. Then, in March 2008, Plaintiff returned to work after two months of medical leave and was given a Disciplinary Notice by Miller, despite the fact that another worker "was contacted by Miller for the same reason but was not given a written warning." *Id.* at ¶ 47B. In October 2008, Defendant suspended Plaintiff for five days because he had returned to work without a doctor's note; according to Plaintiff, he had not been told to bring one. *Id.* at ¶ 53A.

According to Defendant, during Plaintiff's employment, Defendant had a practice of requesting that all employees who took leave under the Family and Medical Leave Act ("FMLA") or California Family Rights Act ("CFRA") provide a "fitness for duty" note from their health care provider, confirming their ability to return to work. *Id.* at ¶ 31. Plaintiff disputes that such policy existed. *Id.* at ¶ 31.

Plaintiff asserts the following causes of action: (1) "Unlawful Employment Practice: Physical Disability, Mental Disability and/or Medical Condition Discrimination" in violation of Govt. Code Section 12940(a); (2) "Unlawful Employment Practice: Employer's Inquiry Re: Plaintiff's Physical Disability, Mental Disability or Medical Condition" in violation of Govt. Code Section 12940(f); (3) "Unlawful Employment Practice: Employer's Failure to Take All Reasonable Steps Necessary to Prevent Discrimination" in violation of Govt. Code Section 12940(k); (4) "Unlawful Employment Practice: Employer's Failure to Maintain Group Health Plan During FEHA Leave" in violation of Govt. Code Section 12945.2(f); (5) "Unlawful Employment Practice: Employer's Inquiry Re: Plaintiff's Physical Disability, Mental Disability and/or Medical Condition Discrimination" in violation of Govt. Code 12940(k); (6) "Unlawful Employment Practice: Employer's Return to Work Certification" in violation of Govt. Code

12940(k); (7) "Unlawful Employment Practice: Retaliation" in violation of Govt. Code Section 12945.2(l); (8) Violation of Confidentiality of Medical Information Act, Civil Code Section 56.20; (9) Invasion of Privacy in violation of the California Constitution, Article I, Section I; and (10) Wrongful Termination in Violation of Public Policy.

Defendant seeks summary judgment on each of these claims.

## II.    Legal Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case.  *Celotex*, 477 U.S. at 323.  When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case.  *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial.  *See Liberty Lobby*, 477 U.S. at 248-49. A "material fact" is one which "might affect the outcome of the suit under the governing law . . . ."  *Id.* at 248.  A party cannot create a genuine issue of material fact simply by making assertions in its legal papers.  *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982).  Rather, there must be specific, admissible evidence identifying the basis for the dispute.  *Id.*  The court need not "comb the record" looking for other

evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein.  Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001).  The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]."  *Liberty Lobby*, 477 U.S. at 252.

### III.    Discussion

#### A. Claim One: Disability Discrimination

FEHA declares "as a public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of ... physical disability, mental disability, [or] medical condition ...." Cal. Govt. Code, § 12920. California Government Code section 12940(a) provides that it is unlawful "[f]or an employer, because of ... physical disability, mental disability, [or] medical condition ... to refuse to hire or employ the person ... or to bar or to discharge the person from employment ... or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

"When entertaining motions for summary judgment in employment discrimination cases arising under state law, federal courts sitting in diversity must apply the *McDonnell Douglas* burden-shifting scheme as a federal procedural rule." *Zeinali v. Raytheon Co.,* 636 F.3d 544, 552 (9th Cir. 2011). Under the *McDonnell Douglas* burden-shifting scheme, the employee must first establish a prima facie case of discrimination. To establish a prima facie case of discrimination, a plaintiff must show that he: (1) suffers from a disability; (2) is a qualified individual; and (3) was subjected to adverse employment action because of his disability. *Holtzclaw v. Certainteed Corp.*, 795 F. Supp. 2d 996, 1014 (E.D. Cal. 2011) (citing *Faust v. California Portland Cement Co.,* 150 Cal. App. 4th 864, 886, 58 Cal. Rptr. 3d 729 (2007)).

The burden then shifts to the employer to provide a legitimate, non-discriminatory reason for the adverse action. *Zeinali,* 636 F.3d at 552. If the employer satisfies this burden, the

employee must show that reason to be pretext by "either directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (quoting *Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011)).

Here, Defendant does not challenge Plaintiff's prima facie case but rather starts its argument at the second step of the burden-shifting framework. According to Defendant, Schlose terminated Plaintiff's employment because he had a history of discipline problems and falsified his time sheet for February 22, 2009. Response to SOF, ¶ 1, 16. Falsification of hours worked is a legitimate reason to terminate an employee, such that Defendant has met its burden of showing a legitimate, nondiscriminatory reason for Plaintiff's termination. *See Johnson v. United Cerebral Palsy/Spastic Children's Found.*, 173 Cal. App. 4th 740, 767 (2009) (falsifying time records is a legitimate reason for termination).

The burden then shifts back to Plaintiff to demonstrate that Defendant's reason is unworthy of credence. Plaintiff has failed to meet that burden. Plaintiff points to a few incidents of potential discrimination based on his disability but fails to connect those incidents to his termination. Plaintiff first alleges that in 2006, Plaintiff's supervisor, Lee Miller, called Plaintiff, Plaintiff's wife, and Plaintiff's health care provider to "demand" information about Plaintiff's health condition while he was out on leave. Response to SOF, ¶ 41. Plaintiff next alleges that when he returned to work after taking leave, Miller gave him a "Disciplinary Notice" although another employee "with the same issues" was not given a written warning. *Id.* at ¶ 47B. Finally, on October 5, 2008, Plaintiff was suspended for five days in order to return to work after another medical leave despite the fact that he had allegedly not been notified he needed such a note. *Id.* at ¶ 53A..

First, Plaintiff does not connect any of these incidents with his termination. Plaintiff was terminated almost five months after the last allegedly discriminatory action. His allegations also center on the actions of one person – Lee Miller – who does not appear to have had any input or control over Plaintiff's termination, which was decided by Schlose based on information learned from Cook and Ehlert. Plaintiff has not connected any of the allegedly discriminatory actions

with anyone who had any role in his termination. In fact, Plaintiff does not even allege that anyone involved in his termination had any knowledge of his disability.

Furthermore, Plaintiff's allegations do not suggest a discriminatory animus based on his disability of irritable bowel syndrome. Plaintiff's first allegation about Miller calling to inquire about his medical condition is by far the most egregious conduct alleged, but given that it took place almost three years before his termination and was not conducted by anyone involved in his termination, it is not sufficient on its own to create an issue of material fact as to pretext. Plaintiff next alleges that an employee "with the same issues" was not disciplined for taking medical leave. Putting aside the vague nature of this allegation, it would seem to detract from the likelihood that Defendant discriminates based on disability if another employee "with the same issues" was not given a written warning for taking medical leave. It, in fact, lends credence to Defendant's theory that Plaintiff was not a stellar employee, which resulted in his termination. Finally, the fact that Plaintiff was suspended for failing to provide a certification that he could return to work does not necessarily suggest any discrimination based on his disability. Plaintiff makes no allegation that this policy was inequitably or discriminatorily enforced, such that it would create any inference of a discriminatory animus based on his disability.

Because Defendant has provided a legitimate, nondiscriminatory reason for Plaintiff's termination and Plaintiff has failed to rebut that charge with sufficient evidence of pretext, Defendant's Motion for Summary Judgment on Plaintiff's first claim for disability discrimination is GRANTED.

### B. Claim Four: Failure to Maintain Insurance Policy

In his Opposition, Plaintiff agrees that Claim Four should be dismissed. *See* Opposition. Although Plaintiff states that he will "attempt to provide supporting information shortly" to support his new claim that Defendant failed to make required payments to the union, the time for discovery and the assertion of new claims has passed. *See* Scheduling Order (Docket 11). Defendant's Motion for Summary Judgment as to Plaintiff's Fourth Claim for Employer's Failure to Maintain Group Health Plan During FEHA Leave is hereby GRANTED.

### C. Claims Two, Five and Six: FMLA Violations

#### 1. Exhaustion

In order to address whether Plaintiff's claims are time-barred, this Court must first determine whether Plaintiff exhausted his administrative remedies. "Under California law an employee must exhaust the . . . administrative remedy provided by the Fair Employment and Housing Act, by filing an administrative complaint with the California Department of Fair Employment and Housing (DFEH) and obtaining the DFEH's notice of right to sue "before bringing suit on a cause of action under the act or seeking the relief provided therein . . . ." *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724, 35 Cal. Rptr. 2d 181 (1994) (internal citations omitted). In order to exhaust his administrative remedies as to each allegedly wrongful act, the claimant must "specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts." *Id.*  The present issue is whether Plaintiff sufficiently described the acts comprising his Claims Two, Five, and Six in his administrative complaint such that they have properly been exhausted. If not, because "the failure to exhaust an administrative remedy is a jurisdictional, not a procedural defect," the failure to exhaust is "a ground for a defense summary judgment." *Id.*

In his administrative complaint, Plaintiff stated that he "was terminated from [his] position of Driver"; that "Stephanie Raasveld, Human Resources Manager, told [him] it was because of discrepancies on [his] time card"; and that he "believe[d] that [he] was suspended and terminated because of [his] disability (Irritable Bowel Syndrome) and because [he] had taken leave under the California Family Rights Act." Handman Decl., Exh. M.

Plaintiff's Second Claim alleges that Defendant made unlawful direct inquiries to his health care provider in violation of Cal. Govt. Code § 12940(f). *See* Handman Decl., Exh. M, ¶¶ 46-51.

Plaintiff's Fifth Claim alleges that Defendant required his health care provider to provide a certification that included information other than "the date on which the employee's serious health condition commenced, the probable duration of the condition, and a statement that the

1    employee is unable to perform the functions of his position due to the serious health condition,"
2    in violation of Cal. Govt. Code.  § 12940(k). *See* Handman Decl., Exh. M, ¶¶ 63-67.

3        Plaintiff's Sixth Claim alleges a violation of Cal. Govt. Code.  § 12940(k), which makes
4    it an unlawful employment practice for an employer to require a health care provider's
5    certification to return to work if the employer does not have a uniform practice or policy
6    requiring such certifications. *See* Handman Decl., Exh. M, ¶¶ 68-72.

7        Because the "anti-discrimination objectives and public policy [of the FEHA and Title
8    VII] are the same, California courts rely on federal decisions to interpret the statutory
9    requirements of exhaustion." *Mora v. Chem-Tronics, Inc.,* 16 F. Supp. 2d 1191, 1201 (S.D. Cal.
10   1998) (citing *Sandhu v. Lockheed Missiles & Space Co.,* 26 Cal. App. 4th 846, 851 (1994)). As
11   such, this Court will rely on both state and federal cases to determine if Plaintiff's administrative
12   charge was sufficient to exhaust his second, fifth, and sixth claims.

13       "To determine whether the allegations of the complaint are beyond the scope of the
14   charge, the district court should construe the charge with the 'utmost liberality,' mindful of the
15   fact that these charges are made by lay persons 'unschooled in the technicalities of formal
16   pleading.'" *Id.* (quoting *Kaplan v. Int'l Alliance of Theatrical and Stage Employees et al.,* 525
17   F.2d 1354, 1359 (9th Cir. 1975)). The "crucial element of a charge of discrimination is the
18   *factual* statement contained therein" and "not the box checked or legal conclusion drawn." *Id.* at
19   1201-02 (citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 456 (5th Cir. 1970)). The
20   allegations in the complaint must be "like or reasonably related to" the charge. *Soldinger v.*
21   *Northwest Airlines, Inc.,* 51 Cal. App. 4th 345, 382 (1996); *Brown v. Puget Sound Elec.*
22   *Apprenticeship & Training Trust,* 732 F.2d 726, 729 (9th Cir. 1984). The claims must be "so
23   related that they would . . . have been pursued by a reasonably thorough DFEH investigation of
24   the original charge." *Mora,* 16 F. Supp. 2d at 1202.

25       Here, Plaintiff's second, fifth, and sixth claims have been properly exhausted because
26   they are reasonably related to Plaintiff's charge alleging that he was suspended and terminated
27   due to his medical condition and his need to take leave. Plaintiff's second, fifth, and sixth claims
28   are each based on Defendant engaging in some improper action relating to Plaintiff's medical

condition. As such, the discovery of these claims would likely grow out of a reasonably thorough DFEH investigation of Plaintiff's charge of discrimination based on his disability/medical condition. This case closely mirrors *Anderson v. American Airlines, Inc.,* where the Ninth Circuit held that a plaintiff's claim for wrongful termination due to national origin discrimination was related to her EEOC charge of national origin discrimination. 252 Fed. Appx. 166, 168 (9th Cir. 2007). Similarly, even though the claims at issue here do not directly allege disability discrimination or retaliation, they are based on the same alleged discriminatory animus towards Plaintiff's medical condition. *Cf. Rodriguez v. Airborne Express,* 265 F.3d 890, 897 (9th Cir. 2001) (charge alleging that plaintiff was discriminated against because he was Mexican-American not related to claim of disability discrimination).

Additionally, Plaintiff's second, fifth, and sixth claims are based on somewhat more obscure provisions of the FEHA, such that a lay person might not immediately recognize actions in violation of those provisions as unlawful acts. Lay persons should not be required to have knowledge of every potential statute that their employers may have violated. Even if Plaintiff had known at the time he filed his charge that, for example, Defendant required his medical care provider to provide excessive medical information, Plaintiff would likely not have known that such behavior was an unlawful act under the FEHA. This Court will not create a standard that would require aggrieved employees to retain counsel before filing a charge to have any chance of success. Plaintiff's second, fifth, and sixth claims are sufficiently related to his administrative charge such that he has satisfied his exhaustion requirements on those claims.

2. <u>Time-Barred</u>

Now that this Court has determined that Plaintiff has administratively exhausted his second, fifth, and sixth claims, it must evaluate Defendant's argument that those claims are time-barred.

"[T]he FEHA provides that no complaint for any violation of its provisions may be filed with the Department 'after the expiration of one year from the date upon which the alleged *unlawful practice* or refusal to cooperate *occurred*,' with an exception for delayed discovery not relevant here." *Morgan,* 88 Cal. App. 4th at 63 (quoting Cal. Govt. Code, § 12960) (emphasis in

original). Here, Plaintiff filed his DFEH Complaint on March 3, 2010, such that the unlawful practice must either have occurred no later than March 3, 2009 or be subject to the continuing violation theory. *See id.* at 63-4.

Plaintiff essentially concedes in his Opposition that the acts forming the basis of his second, fifth, and sixth claims fall outside the statute of limitations period. *See* Opposition, 8-9. As such, Plaintiff must rely on the continuing violation doctrine. "A continuing violation exists if: (1) the conduct occurring within the limitations period is similar in kind to the conduct that falls outside the period; (2) the conduct was reasonably frequent; and (3) it had not yet acquired a degree of permanence." *Dominguez v. Washington Mut. Bank*, 168 Cal. App. 4th 714, 721, 85 Cal. Rptr. 3d 705, 710 (2008).

Despite the fact that Plaintiff correctly cites that legal standard for a continuing violation, Plaintiff does not even attempt to argue that any of the allegedly unlawful actions at issue took place within the statute of limitations period. *See* Opposition, 8-9. The acts forming the basis of the second claim occurred on July 28, 2006 and in February 2009. Response to SOF, ¶¶ 42, 60C. The alleged refusal to honor Plaintiff's certification from his health care provider that forms the basis of Plaintiff's fifth claim occurred on February 12, 2009. *Id.* at 60A. The allegedly unlawful demands for a work certificate that form the basis of Plaintiff's sixth claim also happened before March 3, 2009. *Id.* at ¶¶ 26, 27. As such, Plaintiff does not cite any allegedly unlawful acts occurring within the statute of limitations period, as is required to utilize the continuing violation doctrine.

Plaintiff's second, fifth, and sixth claims are thus time-barred and Defendant's Motion for Summary Judgment is GRANTED as to those claims.


### D. Claim Seven: Retaliation

Under the FEHA, it is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under

this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). To establish a prima facie case of retaliation under this section, a plaintiff must show: (1) he engaged in protected activity; (2) he was thereafter subject to adverse employment action; and (3) a causal link between the two. *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 1042, 32 Cal.Rptr.3d 436, 116 P.3d 1123 (2005); *Mathieu v. Norrell Corp.,* 115 Cal.App.4th 1174, 1185, 10 Cal.Rptr.3d 52 (2004). Once an employee establishes a prima facie case, the employer must provide a nonretaliatory reason for the adverse employment action. *Morgan,* 88 Cal. App. 4th at 68. Much like the *McDonnell Douglas* framework, if the employer provides a legitimate reason for the adverse action, the presumption of retaliation disappears and the burden shifts back to the employee to prove intentional retaliation. *Id.*

The arguments on both sides of Plaintiff's retaliation claim closely mirror the arguments made with respect to Plaintiff's disability discrimination claim. As such, the Court reaches the same result.

Defendant argues that Plaintiff was terminated for his falsification of his time sheet. Response to SOF, ¶ 1, 16. As such, Defendant has met its burden of asserting a legitimate, nondiscriminatory reason for Plaintiff's termination.

Plaintiff, in his Opposition, merely states that the same facts presented in support of the first cause of action for disability discrimination also establish his claim for retaliation. Yet, again, Plaintiff does not even allege that anyone involved in his termination had any knowledge of his disability or had ever engaged in any disciplinary action related to his taking leave. Plaintiff cannot merely conclusorily assert that "[h]ad Plaintiff not taken the leaves of absence, he would not have been terminated" and expect to demonstrate pretext.

Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's retaliation claim.

### E.  Claim Three: Failure to Take Reasonable Steps to Prevent Discrimination

Because Plaintiff's disability discrimination and retaliation claims do not survive Defendant's Motion for Summary Judgment, there is no longer a basis for Plaintiff's third claim alleging the failure to take reasonable steps to prevent discrimination. Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to that claim.

### F. Claim Eight for Violation of the Medical Information Act is Time-Barred

Plaintiff's eighth claim asserts a violation of the Confidentiality of Medical Information Act, Cal. Civ. Code. § 56.20. There is some controversy as to whether the statute of limitations for this claim is two or three years. *See Doe v. Kaweah Delta Hosp.,* at *14 (E.D. Cal. Dec. 23, 2010) (reversed in part on other grounds). This Court need not resolve this issue because either way, Plaintiff's claim is time-barred. Plaintiff filed this lawsuit on March 2, 2011, such that any actions unlawful under the Act must have occurred after March 2, 2009 (for a two-year statute of limitations) or March 2, 2008 (for a three-year statute of limitations) to be actionable. In his Opposition, Plaintiff concedes that the acts underlying this claim took place in "June 2006." Opposition, 12-13. As such, his claim is clearly time-barred.

Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's eighth claim.

### G. Claim Nine for Invasion of Privacy is Time-Barred

Plaintiff's ninth claim for invasion of privacy has a one-year statute of limitations. *See Maheu v. CBS, Inc.,* 201 Cal. App. 3d 662, 676 (1988). Like Plaintiff's eighth claim, the statute of limitations has long since passed, as the allegedly unlawful behavior took place between 2005 and 2007. *See* Reply to SOF, ¶ 36. Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's ninth claim.

### H. Claim Ten: Wrongful Termination in Violation of Public Policy

To establish a claim for wrongful discharge in violation of public policy, a plaintiff must show that he was terminated because he: (1) refused to violate a statute; (2) performed a

statutory obligation; (3) exercised a constitutional or statutory right or privilege; or (4) reported a statutory violation for the public's benefit. *Green v. Ralee Eng'g Co.,* 19 Cal. 4th 66, 76 (1998).

Here, as detailed in the Court's discussion of Plaintiff's disability discrimination and retaliation claims, Plaintiff has not demonstrated that there was anything wrongful about his termination. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's tenth claim is hereby GRANTED.

## IV.    Disposition

For the aforementioned reasons and given that, at oral argument, Plaintiff's counsel agreed with the tentative order, Defendant's Motion for Summary Judgment is hereby GRANTED.

DATED:     August 6, 2012

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE